**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | CR. NO.  **2:08cr065-MHT** |
| | ) | |
| **JACK FURMAN DEAN** | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR A NEW TRIAL**

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and files this response to the defendant's Motion for a New Trial ("Motion") (Doc. 41).

**ARGUMENT**

At the conclusion of the sentencing hearing held on December 19, 2008, this Court announced its intention to sentence the defendant, Jack Furman Dean, Jr., to a total term of 360 months imprisonment: 240 months on Count One to run consecutively with 120 months on Count Two.  Dean's Motion challenges that sentence on two grounds. First, Dean complains that the indictment was multiplicitous, in that both counts of conviction charge the same offense conduct, in violation of the Double Jeopardy Clause of the Fifth Amendment.  Second, Dean argues that the statute of conviction in Count One – 18 U.S.C. § 1466A(a)(2) – is constitutionally overbroad, in violation of the First Amendment.  Neither challenge has merit.

**1.     TIMING OF THE MOTION**

Before ruling on the substance of Dean's Motion, this Court must determine whether the arguments therein have been waived by Dean's guilty plea.  Based upon binding precedent in this Circuit, it appears that they have.

In *Dermota v. United States*, 895 F.2d 1324 (11th Cir. 1990), the Eleventh Circuit Court of Appeals reviewed the defendant's Section 2255 motion to vacate his sentence on the grounds that it had subjected him to multiple punishments for the same offense, in violation of the prohibition against double jeopardy.  Dermota had previously pled guilty to one count of transporting unregistered firearms, in violation of 26 U.S.C. § 5861(j), and one count of possessing unregistered firearms, in violation of 26 U.S.C. § 5861(d), and had received consecutive sentences on the two counts.  In affirming the sentence, the Court found that Dermota's guilty plea constituted a waiver of his right to challenge the conviction on double jeopardy grounds.  *See Dermota*, 895 F.2d at 1325 (distinguishing *United States v. McDaniel*, 550 F.2d 214 (5th Cir. 1977), because McDaniel had been convicted at trial).

The Court cited *United States v. Broce*, 488 U.S. 563 (1989), in support of its holding.  In *Broce*, the Supreme Court held that the defendants had waived their right to assert a double jeopardy claim following their guilty pleas on separate conspiracy charges.  *See Broce*, 488 U.S. at 570-71 ("[A] defendant who pleads guilty to two counts with facial allegations of distinct offenses concede that he has committed two separate crimes.")  Drawing a comparison to the facts of that case, the Eleventh Circuit explained that "[a]ppellant now seeks to prove the [two counts of conviction] constituted a single offense; he had the opportunity to raise his claim earlier and, instead, chose to enter a plea of guilty." *Dermota*, 895 F.2d at 1326*; cf Broce*, 488 U.S. at 571 ("Respondents had the opportunity, instead of entering their guilty pleas, to challenge the theory of the indictments and to attempt to show the existence of only one conspiracy in a trial-type proceeding. They chose not to, and hence relinquished that entitlement.").

Finally, the Eleventh Circuit distinguished two prior Supreme Court decisions – *Blackledge v. Perry*, 417 U.S. 21 (1974), and *Menna v. New York*, 423 U.S. 61 (1975) – noting that both cases "dealt with constitutionally infirm proceedings, in which the government had no power to prosecute a second charge at all." *Dermota*, 895 F.2d at 1326. In *Menna*, for instance, the Court held that a defendant does not necessarily waive his double jeopardy challenge by pleading guilty because "[w]here the State is precluded by the United States Constitution from haling a defendant into court on a charge, federal law requires that a conviction on that charge be set aside even if the conviction was entered pursuant to a counseled plea of guilty." 423 U.S. at 62. The Court concluded that "a plea of guilty to a charge does not waive a claim that – ***judged on its face*** – the charge is one which the State may not constitutionally prosecute." *Id.* at 62 n.2 (emphasis added).

Here, by contrast, and as in *Dermota*, the government was unquestionably entitled to prosecute Dean simultaneously for both the production and possession violations. *See id.* ("This Court has long acknowledged the Government's broad discretion to conduct criminal prosecutions, including its power to select the charges to be brought in a particular case.") (quoting *Ball v. United States*, 470 U.S. 856, 859 (1985)); s*ee also Ohio v. Johnson*, 467 U.S. 493, 500 (1984) ("While the Double Jeopardy Clause may protect a defendant against cumulative punishments for convictions on the same offense, the Clause does not prohibit the State from prosecuting respondent for such multiple offenses in a single prosecution."). Therefore, the *Blackledge/Menna* exception does not apply, and Dean's challenge has been waived. *But see United States v. Smith*, 532 F.3d 1125, 1127-28 (11th Cir. 2008) (suggesting that if indictment does not describe separate

offenses, double jeopardy claim might not be waived even if defendant pled guilty) (citing *inter alia United States v. Kaiser*, 893 F.2d 1300, 1302 (11th Cir. 1990)).

The *Dermota* decision has since found support in numerous cases in the Eleventh Circuit, as well as other circuit courts of appeals, which have consistently held that "[a] defendant who enters an unconditional plea of guilty waives all nonjurisdictional challenges to the conviction." *United States v. Betancourth*, 2009 U.S. App. LEXIS 490 (11th Cir. Jan. 13, 2009) (citing *inter alia United States v. De La Garza*, 516 F.3d 1266, 1271 (11th Cir. 2008)); *accord, e.g.*, *United States v. Bernstein*, 43 F. App'x. 429, 2002 U.S. App. LEXIS 16621 (2d Cir. 2002); *United States v. Hoctel*, 154 F.3d 506 (5th Cir. 1998); see *also Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) ("A defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction."); *United States v. Davis*, 900 F.2d 1524 (10th Cir. 1990) ("A guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.").

The two recent Ninth Circuit cases that Dean cites to support the timeliness of his Motion – *United States v. Davenport*, 519 F.3d 940 (9th Cir. 2008) and *United States v. Schales*, 546 F.3d 965 (9th Cir. 2008) – did not consider the question of whether the defendant's guilty plea had effected a waiver of his right to raise the double jeopardy issue. Rather, both cases applied a plain error analysis, suggesting that the Ninth Circuit considered the claims to have been forfeited, rather than waived. *See generally United*

*States v. Lewis*, 492 F.3d 1219 (11th Cir. 2007) (explaining the difference between forfeiture and waiver). Indeed, in *Davenport*, the defendant tried unsuccessfully to withdraw his guilty plea; in *Schales*, the defendant was convicted after a four-day trial. Based upon those facts, both cases are reconcilable with *Demorta*, *Betancourth*, and other Eleventh Circuit precedent. *See De La Garza*, 516 F.3d at 1271 (holding that defendant waived his challenges to the constitutionality of the statute of conviction based on his guilty plea and distinguishing *Lewis* based on the fact that Lewis went to trial); *cf. United States v. Anson*, 2008 U.S. App. LEXIS 22563, *11-12 (2d Cir. Oct. 15, 2008) (noting that defendant's double jeopardy claim was waived by his conviction because, although he did not plead guilty, he failed to "request an instruction that would have ensured that the jury did not consider an improper basis for his conviction") (distinguishing *Davenport*).

Of course, to the extent that they might conflict with binding Eleventh Circuit precedent, *Davenport* and *Schales* are simply not the law in this jurisdiction and should not be followed. Under the holdings in *Demorta*, *Betancourth*, *De La Garza*, and other Eleventh Circuit cases, Dean waived his right to challenge the constitutionality of his convictions when he chose to plead guilty to both counts. Accordingly, his Motion should be denied in its entirety.

**2.     SUBSTANCE OF THE MOTION**

Dean's constitutional claims have been waived by his guilty plea. But even if they were still viable, they would fail on their merits.

**A.     The Double Jeopardy Claim (Amendment V)**

The defendant has argued that his conviction on Count Two, for knowing possession of child pornography, should be dismissed because of the Ninth Circuit's

5

recent decision in *United States v. Davenport*, 519 F.3d 940 (9th Cir. 2008). More specifically, Dean suggests that Count Two is a lesser included offense of Count One, and that he is effectively being punished twice for the same criminal offense, in violation of his Fifth Amendment protection against double jeopardy. *See* Mot. at 9.

"An indictment is multiplicitous if it charges a single offense in more than one count." *United States v. Howard*, 918 F.2d 1529, 1532 (11th Cir. 1990). To determine if two counts are multiplicitous, the Court must "first examine the language of the indictment." *United States v. Fiallo-Jacome*, 784 F.2d 1064, 1066 (11th Cir. 1986).

Here, Count One of the indictment charged that <u>sometime after March 31, 2004</u>, the defendant

> knowingly produce[d] visual depictions of a minor engaging in actual and simulated acts of sadistic abuse and graphic sexual intercourse, including genital-genital, oral-genital, and anal-genital intercourse... ***[which] visual depictions lacked serious literary, artistic, political, or scientific value*** and were produced using materials that had been shipped and transported in interstate and foreign commerce. All in violation of Title 18, United States Code, Section 1466A.

Doc. 1 at ¶ 6 (emphasis added). The indictment explained that the basis for that charge was that "Dean used various media recorders to convert [certain] old visual depictions [of a minor engaging in sexually explicit conduct] from their native formats (and in some cases successive formats) to ***digital video disks (DVDs)***," which DVDs had been manufactured outside the State of Alabama.[1]  *Id.* at ¶ 4 (emphasis added). Count Two, by contrast, charged that <u>on or about September 24, 2007</u>, Dean

---

[1] As this Court is well aware, the indictment also charges that "[b]eginning in or about 1992, and continuing until on or about August 14, 1998, ... [Dean] repeatedly used, persuaded, induced, enticed, and coerced a minor female to engage in actual and simulated acts of bondage, sexual torture, sadistic abuse, and graphic sexual intercourse, including genital-genital, oral-genital, and anal-genital intercourse, for the

6

> knowingly possess[ed] *film, videotape, DVDs, and other materials* containing images of child pornography, that is, visual depictions of a minor engaging in sexually explicit conduct, which images were produced using materials that had been mailed, shipped and transported in interstate and foreign commerce.  All in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

*Id.* at ¶ 8 (emphasis added).

Typically, courts determine whether two offenses are the "same" for double jeopardy purposes by determining whether each requires proof of an element that the other does not. *See Blockburger v. United States*, 284 U.S. 299, 304 (1932) ("Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test ... is whether each provision requires proof of a fact which the other does not."). Two different statutes also define the "same offense" when, under the *Blockburger* test, one is a lesser included offense of the other. *United States v. Rutledge*, 517 U.S. 292, 297 (1996); *see also Schmuck v. United States*, 489 U.S. 705, 716-17, 721-22 (1989).

*Blockburger* is a rule of statutory construction; thus, even when two offenses are the "same" under the test, if Congress otherwise expresses its clear intent – either on the face of the statute or in its legislative history – to authorize separate punishments, Congress's intention controls. *Albernaz v. United States*, 450 U.S. 333, 344 (1981) (noting that the "dispositive question [is] whether Congress intended to authorize separate punishments for the two crimes"); *accord Garrett v. United States*, 471 U.S. 773, 779 (1985).  Any inquiry into whether one offense is a lesser included offense of another is also dependent upon the facts of the case. *Blockburger*, 284 U.S. at 304, *Ball*, 470 U.S. at 859 n.6 (1985).

---

purpose of producing visual depictions of such conduct (hereinafter "the old visual depictions")."  Doc. 1 at ¶ 1.

7

Dean recites a series of recent decisions in which courts have found that possession is a lesser included offense of receipt.  For example, in *Ball v. United States*, 470 U.S. 856 (1985), the Supreme Court held that "proof of illegal receipt of a firearm necessarily includes proof of illegal possession of that weapon." *Ball*, 470 U.S. at 862 ("When received, a firearm is necessarily possessed.").  Other courts have concluded that possession of child pornography is likewise a lesser included offense of receipt.  *See, e.g.*, *Schales*, 546 F.3d at 977; *Davenport*, 519 F.3d at 943, *United States v. Miller*, 527 F.3d 54, 71 and n.15 (3d Cir. 2008); *United States v. Kamen*, 491 F. Supp. 2d 142, 150 (D. Mass. 2007).

But none of these cases examined whether possessing child pornography under 18 U.S.C. § 2252A(a)(5)(B) is a lesser included offense of producing obscene visual representations of a minor under 18 U.S.C. § 1466A(a)(2).  The distinction is important, because the offense conduct at issue is very different.  While one can possess child pornography without having knowingly received it, *see, e.g.*, *United States v. Myers*, 355 F.3d 1040, 1042 (7th Cir. 2004), many courts have recognized that the converse is not true: one cannot knowingly receive child pornography without also possessing it, even if only fleetingly.  *See, e.g.*, *Kamen*, 491 F. Supp. 2d at 150 ("[R]eceipt of child pornography necessarily entails possession[.]").  By contrast, one can certainly possess child pornography without producing it, and visual depictions of minors engaged in graphic sexual activity can also be produced without being possessed.  *See* 18 U.S.C. § 2256(3) (defining the term "producing" as "producing, directing, manufacturing, issuing, publishing, or advertising").

Furthermore, applying the traditional *Blockburger* test, it is readily apparent that each statute of conviction requires proof of at least one fact that the other does not. *See Blockburger*, 284 U.S. at 304.  To prove a violation of 18 U.S.C. § 2252A(a)(5)(B), the United States must show that the image is of an actual minor. *See generally Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002).  No such requirement exists for the obscenity provision. *See Schales*, 546 F.3d 974 ("In fact, the statute explicitly provides that '[i]t is not a required element of any offense under this section that the minor depicted actually existed.'") (citing 18 U.S.C. § 1466A(c)). On the other hand, an image cannot run afoul of 18 U.S.C. § 1466A(a)(2) unless it "lacks serious literary, artistic, political, or scientific value" – a prerequisite that need not be proved under the child pornography statute. *See generally* 18 U.S.C. § 2252A.

Finally, the Double Jeopardy Clause does not prohibit multiple punishments as long as they are based on different acts. *See Blockburger*, 284 U.S. at 304 (holding that double jeopardy is implicated only "where the same act or transaction constitutes a violation of two distinct statutory provisions").  Here, unlike the facts in *Davenport*, the two counts of conviction did not involve the same act or transaction.  As alleged in the indictment, Count One punished Dean for producing DVDs that contained obscene visual representations of minors sometime after March 31, 2004.  Count Two, on the other hand, charged Dean with knowingly possessing those DVDs, as well as "film" "videotape" and "other materials" containing child pornography, on or about September 24, 2007.  Because these counts allege (1) separate conduct involving (2) separate pieces of media, containing (3) different kinds of content, and in (4) separate years, they represent separate offenses, and the Double Jeopardy Clause is not even implicated. *See United States v.*

9

*Planck*, 493 F.3d 501, 504 (5th Cir. 2007) ("[W]here a defendant has images stored in separate materials ... the Government may charge multiple counts, each for the type of material or media possessed, as long as the prohibited images were obtained through the result of different transactions."); *United States v. Hamilton*, No. 07-50054, 2007 U.S. Dist. LEXIS 73384, *7 (W.D. Ark. Oct. 1, 2007) (unpub.) ("Defendant is charged with possessing two separate storage mediums containing different images of child pornography obtained on different dates through different transactions. The Court, therefore, concludes that the defendant committed two separate crimes and that the counts are not multiplicitous."); *cf. United States v. Bonavia*, 927 F.2d 565, 569 (11th Cir. 1991) (holding that in a firearms possession case, the government can avoid multiplicitous counts "by showing either that the weapons were stored in different places or that the weapons were acquired at different times"); *United States v Randall*, 171 F.3d 195, 210 (4th Cir. 1999) (holding that "when [in a case charging possession with intent to distribute and distribution] there is independent evidence of the defendant's prior possession of the controlled substances before the actual time of distribution, the two offenses remain distinct").

For all of these reasons, Dean's Motion should be denied to the extent that it seeks to dismiss one of the counts on Fifth Amendment grounds.

    **B.**    **Overbreadth (Amendment I)**

Dean argues that Count 1 should be dismissed because the statute charged in that count, 18 U.S.C. § 1466A(a)(2), is impermissibly overbroad, and therefore violates the First Amendment. This argument is also without merit and should be denied.

As the Supreme Court has repeatedly emphasized, the invalidation of a statute on overbreadth grounds is a severe action, and is a remedy that should be used with

hesitation and then "only as a last resort." *United States v. Williams*, 128 S. Ct. 1830, 1838 (2008); *Broadrick v. Oklahoma*, 413 U.S. 601, 613 (1973); *see also Sabri v. United States*, 541 U.S. 600, 609-610 (2004) ("[W]e have recognized the validity of facial attacks alleging overbreadth ... in relatively few settings, and, generally, on the strength of specific reasons weighty enough to overcome our well-founded reticence."). To render a statute unconstitutionally overbroad, the amount of protected speech proscribed by a statute must be substantial, "not only in an absolute sense, but also relative to the statute's plainly legitimate sweep." *Williams*, 128 S. Ct. at 1838; *Virginia v. Hicks*, 539 U.S. 113, 118-20 (2003). The defendant carries the burden of proving that the law is overbroad, both from the text of the law and from actual fact. *Hicks*, 539 U.S. at 122.

Here, Dean has offered no evidence indicating that Section 1466A(a)(2) actually reaches any protected speech, let alone a substantial amount of protected speech. Instead, he merely cites an opinion from the Southern District of Iowa, *United States v. Handley*, 564 F. Supp. 2d 996 (S.D. Iowa 2008), which recently held that Section 1466A(a)(2) is unconstitutionally overbroad. *See* Mot. at 10. The United States respectfully suggests that *Handley* was wrongly decided and should not be applied here. Contrary to the guidance in *Williams*, *Broadrick*, and *Hicks*, the *Handley* court never bothered to consider the extent to which any protected speech is actually prohibited by this statute, or to measure the amount of any such protected speech in comparison to the amount of unprotected speech covered by the statute. *See Handley*, 564 F.Supp.2d at 1004-07.

Instead of a proper overbreadth analysis, the court focused almost exclusively on the applicable obscenity standard, as outlined in *Miller v. California*, 413 U.S. 15, 23 (1973). Under that test, material is obscene if, taken as a whole under the relevant

community standard, (1) it is patently offensive, (2) it appeals to the prurient interest, and (3) it lacks serious literary, artistic, political, or scientific value. *Id.* at 24-25. Because Section 1466A(a)(2) incorporates only one aspect of the *Miller* test – the requirement that the material lacks serious literary, artistic, political, or scientific value – the statute on its face is not limited to images that meet the Supreme Court's definition of obscenity. It was this lack of a limitation to traditional obscenity standards that the district court found fatal. *See Handley* 564 F.Supp.2d at 1007.

Had the *Handley* court properly considered the extent to which Section 1466A(a)(2) actually criminalizes non-obscene, protected speech, as the overbreadth analysis requires, it would have reached a different conclusion. That is because, as written, the statute covers a broad range of unprotected speech and very little, if any, protected speech. For instance, as the Supreme Court declared over 25 years ago, images which depict the sexual abuse of real children have no First Amendment protection. *See New York v. Ferber*, 458 U.S. 747, 751 (1982). Therefore, Section 1466A(a)(2) is constitutional to the extent that it criminalizes any visual depiction of any kind that depicts an image that is ***of a minor*** engaging in graphic sexual intercourse, graphic sadistic or masochistic abuse, or graphic bestiality. Likewise, the Supreme Court has long recognized that obscenity of any kind is unprotected speech. *See, e.g.*, *Roth v. United States*, 354 U.S. 476, 484-85 (1957). Therefore, an obscene image that appears to be of a minor engaging in one or more of those enumerated sex acts would also be unprotected speech covered by the statute.

The only protected speech that could possibly fall within the scope of Section 1466A(a)(2) is a visual depiction that:

12

>   (1) ***appears to be of a minor*** engaging in graphic sexual intercourse, graphic sadistic or masochistic abuse, or graphic bestiality; and
>
>   (2) lacks serious literary, artistic, political or scientific value; but
>
>   (3) either does <u>not</u> appeal to the prurient interest; and/or
>
>   (4) is <u>not</u> patently offensive.

It is quite difficult, if not impossible, to imagine such an image.  One might consider a photograph depicting graphic sexual intercourse between persons who, though they appear to be minors, are actually 18 years old.  But if that photograph lacks, as it must, serious literary, artistic, political, or scientific value, what else might its graphic nature appeal to but the prurient interest?  And if such a prurient photograph truly appears to depict actual minors engaged in graphic sexual intercourse, would it not also be patently offensive in nearly every community in the country?

There, a debate might develop.  But even if a realistic example could be imagined, whatever set of images would be protected by the First Amendment would surely be dwarfed by the number of images constitutionally prohibited by the statute.  Because only a little protected speech might fall within the bounds of Section 1466A(a)(2), the amount of protected speech is not substantial, and the statute should not be declared unconstitutionally overbroad.  *E.g.*, *Ward v. Illinois*, 431 U.S. 767, 776 (1977).

Finally, *Handley* is distinguishable on its facts.  As demonstrated above, the only portion of Section 1466A(a)(2) that could possibly affect constitutionally-protected speech is the provision that applies to images that "appear to be" of an actual minor.  In *Handley*, that provision was directly implicated, as the defendant had been charged with receiving and possession "drawings from Japanese anime comic books that were

produced either by hand or by computer, and [which] ... depict fictional characters." 564 F. Supp. 2d at 999.  By contrast, Dean has pled guilty to producing what are clearly obscene images of a real minor female engaged in graphic sexual conduct.  Because the images in this case depict a real child, they are categorically not protected speech, and any constitutionality problem with the statute should appropriately be cured simply by severing the "appears to be" language.  *Cf. Ayotte v. Planned Parenthood*, 546 U.S. 320, 328-29 (2006) (internal citations omitted):

> Generally speaking, when confronting a constitutional flaw in a statute, we try to limit the solution to the problem. We prefer, for example, to enjoin only the unconstitutional applications of a statute while leaving other applications in force, or to sever its problematic portions while leaving the remainder intact.

## CONCLUSION

For all of these reasons, the Defendant's Motion should be denied.

Respectfully submitted this the 23rd day of January, 2009.

> FOR THE UNITED STATES ATTORNEY,
> LEURA G. CANARY
>
> */s/ Nathan D. Stump*
> NATHAN D. STUMP
> Assistant United States Attorney
> 131 Clayton Street
> Montgomery, AL  36104-3429
> Tel: (334) 223-7280
> Fax: (334) 223-7560
> Email: nathan.stump@usdoj.gov

## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CR. NO.  2:08cr065-MHT** |
| | ) | |
| **JACK FURMAN DEAN** | ) | |

### CERTIFICATE OF SERVICE

      I, Nathan D. Stump, Assistant United States Attorney, hereby certify that on this the 23rd day of January, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically serve a copy upon all counsel of record, including Christine Freeman, Esq., counsel for defendant.

      Respectfully submitted,

*/s/ Nathan D. Stump*
NATHAN D. STUMP
Assistant United States Attorney
131 Clayton Street
Montgomery, AL  36104-3429
Tel: (334) 223-7280
Fax: (334) 223-7560
Email: nathan.stump@usdoj.gov