IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA      )
                              )
     v.                       )    CRIMINAL ACTION NO.
                              )      2:08cr65-MHT
JACK FURMAN DEAN, JR.         )          (WO)
```

OPINION AND ORDER

Defendant Jack Furman Dean, Jr., pleaded guilty to producing obscene material and possession of child pornography.  This case is now before the court on Dean's motion for a new trial.  Dean argues that he was convicted of possessing and producing the same materials in violation of the Double Jeopardy Clause of the Fifth Amendment.  He also argues that the statute criminalizing production is overbroad, infringing upon protections conferred by the First Amendment.  Dean asks the court to set aside his conviction on one of the counts or, alternatively, to run his sentences on the two counts concurrently.  For the reasons that follow, Dean's motion will be denied.

## I.   BACKGROUND

Dean was charged in a two-count indictment in the Middle District of Alabama.  Count one (the "production count") charged Dean with producing an obscene visual representation of the sexual abuse of a child, in violation of 18 U.S.C. § 1466A(a)(2).  Count two (the "possession count") charged Dean with possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

Dean pleaded guilty to both counts without a plea agreement.  After a lengthy sentencing hearing, in which both parties presented evidence, the court imposed the maximum for each count, 20 years for the production count, and ten years for the possession count, to run consecutively.

At sentencing, Dean objected to consecutive sentences for the crimes on the ground that the possession count is a lesser-included offense of the production count.  The court instructed Dean to raise this objection in a motion for a new trial, which is now before the court.

2

## II.  DISCUSSION

Dean makes two principal arguments.  First, he asserts that the two counts punish the same conduct and that the possession count is a lesser-included offense of the production count.  Dean presents this argument as a constitutional claim, contending that conviction on both counts exposed him to double jeopardy in violation of the Fifth Amendment.  Second, Dean argues that § 1466A(a)(2), the statute underlying the production count, violates the First Amendment because it is overbroad.

The government responds that Dean waived his right to challenge his convictions by pleading guilty; that possession under § 2252A(a)(5)(B) is not a lesser-included offense of production under § 1466A(a)(2); and that the two counts punish different acts.  The government further argues that § 1466A(a)(2) is not overbroad.

3

## A.  The relevant statutes

Count one charges Dean with producing an obscene visual representation of the sexual abuse of a child, in violation of § 1466A(a)(2).  The statute provides, in pertinent part, that:

> "Any person who ... knowingly produces, distributes, receives, or possesses with intent to distribute, a visual depiction of any kind, including a drawing, cartoon, sculpture, or painting, that ...
>
> (2)(A) depicts an image that is, or appears to be, of a minor engaging in graphic bestiality, sadistic or masochistic abuse, or sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; and
>
> (B) lacks serious literary, artistic, political, or scientific value ... shall be subject to the penalties provided in ... [18 U.S.C. § 2252A(b)(1)], including the penalties provided for cases involving a prior conviction."

The statute does not require that the image be of an actual child.  18 U.S.C. § 1466A(c) ("It is not a

4

required element of any offense under this section that the minor depicted actually exist.").

Count two charges Dean with possessing child pornography, in violation of § 2252A(a)(5)(B). The statute criminalizes the knowing possession of, or knowing access with intent to view, "any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography." 18 U.S.C. § 2252A(a)(5)(B). For purposes of this statute, "child pornography" is defined as:

> "any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where --
>
> (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct;
>
> (B) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or

5

(C) such visual depiction has been
created, adapted, or modified to appear
that an identifiable minor is engaging
in sexually explicit conduct."

18 U.S.C. § 2256(8).   The term "identifiable minor" in

subpart (C),

"(A) means a person -- (i)(I) who was a
minor at the time the visual depiction
was created, adapted, or modified; or
(II) whose image as a minor was used in
creating, adapting, or modifying the
visual depiction; and (ii) who is
recognizable as an actual person by the
person's face, likeness, or other
distinguishing characteristic, such as
a unique birthmark or other recognizable
feature; and

"(B) shall not be construed to require
proof of the actual identity of the
identifiable minor."

18 U.S.C. § 2256(9).

### B.   Waiver

As a preliminary matter, the government contends that

Dean waived his constitutional claims by pleading guilty

to both counts of the indictment.

"The general rule is that a guilty plea waives all

non-jurisdictional challenges to a conviction."   United

6

States v. Smith, 532 F.3d 1125, 1127 (11th Cir. 2008).
But in Menna v. New York, 423 U.S. 61, 63 n.2 (1975), the
Supreme Court recognized an exception to this rule,
stating "that a plea of guilty to a charge does not waive
a claim that--judged on its face--the charge is one which
the State may not constitutionally prosecute."
"Following Menna, [the Eleventh Circuit has] held that a
defendant does not waive a double jeopardy challenge
when, judged on the basis of the record that existed at
the time the guilty plea was entered, the second count is
one the government may not constitutionally prosecute."
Smith, 532 F.3d at 1128.  "In other words, a defendant
may challenge his conviction if he does not need to go
outside what was presented at the plea hearing to do so."
United States v. Bonilla, 579 F.3d 1233, 1240 (11th Cir.
2009) (emphasis in original).

Dean bases his double-jeopardy challenge on a "purely
textual comparison" of § 1466A(a)(2) and
§ 2252A(a)(5)(B), arguing that the production count is a

lesser-included offense of the possession count.  Def.'s
Mot. at 9.  His claim does not require the court to look
beyond the existing record.  In similar circumstances,
the Eleventh Circuit has addressed the merits of a
double-jeopardy claim to determine whether the claim was
waived by the defendant's guilty plea.  See Bonilla, 579
F.3d at 1241-43 (addressing the merits of Bonilla's claim
in determining that he "had not waived his right to
attack ... his convictions  and sentences ... under the
double jeopardy clause"); Smith, 532 F.3d at 1128-29
(addressing the merits of Smith's double-jeopardy claim
in determining that he had waived his claim by pleading
guilty); see also United States v. Kaiser, 893 F.2d 1300,
1303 (11th Cir. 1990)("Kaiser's guilty plea did not waive
his double jeopardy claim" because whether one count was
a lesser included offense of another count "can be
determined from the face of the indictment.").[1]  Thus, the

_____

    1.  The Eleventh Circuit has distinguished the facts
presented in cases like United States v. Allen, 724 F.2d
                                              (continued...)

8

court must address the merits of Dean's double-jeopardy claim to determine whether the claim was waived.

The government contends that Dean waived both of his claims, but offers no arguments specific to waiver of the overbreadth claim. Finding no reason to treat the overbreadth claim differently from the double-jeopardy

---

(...continued)
1556 (11th Cir. 1984):

> "[I]n Allen, the defendant pled guilty to one count of transporting a stolen Ferrari and one count of transporting a stolen Porsche. ... On appeal, the defendant argued that both cars were transported as part of a single shipment and therefore the two counts 'constituted a single offense for which he could receive only a single sentence under the double jeopardy clause.' [Allen, 724 F.2d at 1557-58.] We disagreed. As the defendant did not present any evidence at the plea hearing that the two cars were shipped as part of a single shipment, he could not prove his claim by relying solely on the existing record. Id. at 1558. Thus, we held that he had waived his right to assert double jeopardy. Id."

Bonilla, 579 F.3d at 1241.

claim, the court addresses the merits of the overbreadth claim as well.

### C.  Double jeopardy

The Fifth Amendment's Double Jeopardy Clause provides that "no person … shall be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V.  The clause prohibits "a second prosecution for the same offense after an acquittal; a second prosecution for the same offense after a conviction; and multiple punishments for the same offense."  United States v. Halper, 490 U.S. 435, 440 (1989).  The prohibition against multiple punishments for the same offense is at issue in this case.

"The protection against multiple punishments for the same offense is 'designed to ensure that the sentencing discretion of courts is confined to the limits established by the legislature.'"  Bonilla, 579 F. 3d at 1241 (citations omitted).  When legislative intent is unclear, courts "determine[] whether a defendant has been

10

punished twice for the 'same offense' by applying the rule set forth in <u>Blockburger v. United States</u>, [284 U.S. 299, 304 (1932)]." <u>Rutledge v. United States</u>, 517 U.S. 292, 297 (1996). "Under <u>Blockburger</u>, when a single, completed criminal transaction violates two or more criminal statutes, the Double Jeopardy Clause does not shield a defendant against prosecution under one or more of the applicable statutes so long as 'each statute requires proof of an additional fact which the other does not.'" <u>United States v. Williams</u>, 527 F.3d 1235, 1240 (11th Cir. 2008) (quoting <u>Blockburger</u>, 284 U.S. at 304). In contrast, where a defendant has been charged with a crime that is a lesser-included offense of another charged crime, the Double Jeopardy Clause protects that defendant from being convicted of both crimes. <u>Rutledge</u>, 517 U.S. at 306.

Dean argues that "the act of possession of interstate-commerce material containing an image of a

minor engaging in sexually explicit conduct (Count 2) is a lesser-included offense of the offense of production of interstate commerce material containing an image of a minor engaging in sexually explicit conduct (Count 1)." Def.'s Mot. at 9.   The government counters that possession under § 2252A(a)(5)(B) is not included in a production offense under § 1466A(a)(2).[2]

Dean's lesser-included offense argument fails because he overlooks an important distinction between the two statutes.   Although both statutes target sexually explicit depictions of minors, a careful reading reveals that each requires proof of a fact not required by the other.  The possession offense requires the government to prove that the images possessed are either of an "actual" minor, 18 U.S.C. §§ 2256(8)(A) & (C); 18 U.S.C. § 2256(9); Ashcroft v. Free Speech Coalition, 535 U.S.

_____

2.  The parties also disagree about whether the production count and the possession count punish different acts.   The court does not reach this issue as it finds that each count charges a different offense under the Blockburger test.

12

234 (2002), or, at least, "indistinguishable" from an
actual minor, 18 U.S.C. § 2256(8)(B).[3]  The production

_____

3.  <u>United States v. Williams</u>, ___ U.S. ___, 128 S.
Ct. 1830, 1837 (2008) (<u>Free Speech Coalition</u> "limit[ed]
the child-pornography prohibition to material that could
be <u>proved</u> to feature actual children." (emphasis in
original)); <u>United States v. Hoey</u>, 508 F.3d 687, 690 (1st
Cir. 2007) ("Possession of child pornography that does
not depict actual children is not criminalized.") (citing
<u>Free Speech Coalition</u>, 535 U.S. 234); <u>United States v.
Rodriguez-Pachero</u>, 475 F.3d 434, 439 (1st Cir. 2007)
("The prosecution must prove beyond a reasonable doubt
that the image is of an actual child in order to
establish guilt.") (explaining the effect of <u>Free Speech
Coalition</u> on 18 U.S.C. § 2251 et seq.); <u>United States v.
Salcido</u>, 506 F.3d 729, 733 (9th Cir. 2007) ("In <u>Ashcroft
v. Free Speech Coalition</u>, the Supreme Court held that
possession of 'virtual' child pornography cannot
constitute a criminal offense.  As a result, the
government has the burden of proving beyond a reasonable
doubt that the images were of actual children, not
computer generated images."), <u>cert. denied</u>, ____ U.S.
____, 128 S. Ct. 1918 (U.S. Apr. 14, 2008) (No. 07-9881).
    To be sure, in the wake of <u>Free Speech Coalition</u>,
Congress extended the definition of "child pornography"
to images that are "indistinguishable from[] that of a
minor engaging in sexually explicit conduct," 18 U.S.C.
§ 2256(8)(B), with "the term 'indistinguishable' used
with respect to a depiction, [to] mean virtually
indistinguishable, in that the depiction is such that an
ordinary person viewing the depiction would conclude that
the depiction is of an actual minor engaged in sexually
explicit conduct," and with the term not to "apply to
depictions that are drawings, cartoons, sculptures, or
(continued...)

13

statute, on the other hand, explicitly states that, "It is not a required element of any offense under this section that the minor depicted actually exist," 18 U.S.C. § 1466A(c); nor is there anything in the statute to indicate that it is a required element that the image be "indistinguishable" from an actual minor.  Indeed,

_____

        (...continued)
paintings depicting minors or adults."  18 U.S.C. § 2256(11).   The court expresses no opinion on the constitutionality of punishing the possession of a pornographic image that does not depict an actual minor, but is merely "indistinguishable from" an actual minor. However, the court finds that § 2256(8)(B) is best interpreted as a forward-looking provision, to be applied, if at all, if and when technology exists to create images that are "indistinguishable from" actual minors.  See Free Speech Coalition, 535 U.S. at 259 (Thomas, J., concurring in judgment) ("[T]echnology may evolve to the point where it becomes impossible to enforce actual child pornography laws because the Government cannot prove that certain pornographic images are of real children.   In the event this occurs, the Government should not be foreclosed from enacting a regulation of virtual child pornography that contains an appropriate affirmative defense or some other narrowly drawn restriction.").   For present purposes, it is sufficient to find, as this court does, that possession of pornographic images which merely "appear to be" of a minor is not criminalized under § 2252A(a)(5)(B), but that production of such images, if they also "lack[]serious literary, artistic, political, or scientific value," is criminalized under § 1466A(a)(2).

§ 1466A(a)(2) reaches "visual depiction[s] of any kind, including a drawing, cartoon, sculpture, or painting, that ... depicts an image that is, or appears to be, of a minor[.]"; compare Free Speech Coalition, 535 U.S. at 239 (finding overbroad and unconstitutional provisions of 18 U.S.C. § 2256(8) that "extend[ed] the federal prohibition against child pornography to sexually explicit images that appear to depict minors but were produced without using any real children"). Likewise, the production offense includes an element not shared by the possession offense: The images produced must "lack[] serious literary, artistic, political, or scientific value." 18 U.S.C. § 1466A(a)(2)(B).[4]

---

4.   The Supreme Court has recognized that the Child Pornography Prevention Act of 1996 (CPPA), of which § 2252A(a)(5)(B) is a part, is not directed at materials criminalized under § 1466A. Free Speech Coalition, 535 U.S. at 240 ("The CPPA ... is not directed at speech that is obscene; Congress has proscribed those materials through a separate statute. 18 U.S.C. §§ 1460-1466.... [T]he CPPA seeks to reach beyond obscenity ... [and] would reach visual depictions, such as movies, even if they have redeeming social value.").

15

Because each statute contains an element not shared by the other, the <u>Blockburger</u> test is satisfied and there is no double-jeopardy violation. <u>United States v. Hassoun</u>, 476 F.3d 1181, 1186 (11th Cir. 2007) ("[I]f an offense requires proof of an element that the other offense does not, we need look no further in determining that the prosecution of both offenses does not offend the Fifth Amendment."). Dean's claim fails on the merits and thus he has waived his right to challenge his convictions and sentences under the Double Jeopardy Clause.

### C. Overbreadth

Dean also argues that § 1466A(a)(2), the statute criminalizing the production of obscene visual representations of the sexual abuse of children, is unconstitutionally overbroad in violation of the First Amendment. Dean brings a facial challenge to the statute; he does not contend that the statute was unconstitutionally applied to him.

16

Generally, "a person to whom a statute may constitutionally be applied may not challenge that statute on the ground that it may conceivably be applied unconstitutionally to others in situations not before the Court." New York v. Ferber, 458 U.S. 747, 767 (1982). Courts have carved out an exception to this rule, however, for First Amendment overbreadth challenges, because "the threat of enforcement of an overbroad law deters people from engaging in constitutionally protected speech, inhibiting the free exchange of ideas." United States v. Williams, ___ U.S. ___, 128 S. Ct. 1830, 1838 (2008). Nonetheless, "[b]ecause of the wide-reaching effects of striking down a statute on its face at the request of one whose own conduct may be punished despite the First Amendment, [courts] have recognized that the overbreadth doctrine is strong medicine and have employed it with hesitation, and then only as a last resort." Ferber, 458 U.S. at 769 (quotations and citations omitted). As a result, one raising a facial challenge on

17

overbreadth grounds must show that the "statute's overbreadth [is] substantial, not only in an absolute sense, but also relative to the statute's plainly legitimate sweep." Williams, ___ U.S. at ____, 128 S. Ct. at 1839.

In determining whether § 1466A(a)(2) is substantially overbroad, the court must examine the statute in light of First Amendment doctrine regarding obscenity and child pornography. The Supreme Court has "long held that obscene speech--sexually explicit material that violates fundamental notions of decency--is not protected by the First Amendment." Id. at 1835. Miller v. California, 413 U.S. 15 (1973), laid out the test for obscenity, stating that an image, or "work," is obscene if "(a)... 'the average person, applying contemporary community standards' would find that the work, taken as a whole, appeals to the prurient interest; (b) ... the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law;

and (c) ... the work, taken as a whole, lacks serious literary, artistic, political, or scientific value." <u>Id</u>. at 24 (citations omitted).  As with obscenity, the First Amendment does not protect pornography involving "actual" children.  <u>Ashcroft v. Free Speech Coalition</u>, 535 U.S. 234, 240 (2002); <u>Ferber</u>, 458 U.S. 747.  The Supreme Court has explained that pornography that involves children, but is not obscene, may be prohibited because the government has a "compelling interest in prosecuting those who promote the sexual exploitation of children." <u>Ferber</u>, 458 U.S. at 761.  Thus, to be prohibited, images of the "sexual abuse of children" must either (1) be obscene under <u>Miller</u> or (2) depict actual children.

The court finds that § 1466A(a)(2) does not require that the images be obscene under <u>Miller</u>.  To be sure, a surface reading of § 1446A(a)(2) suggests that it was intended to apply only to obscene images: It is a subpart of the criminal code for obscenity; it is titled "Obscene visual representations of the sexual abuse of children";

it requires, as does Miller, that the depictions lack serious literary, artistic, political or scientific value; and it describes conduct--minors engaging in sexual intercourse, sado-masochism, or bestiality--that resembles obscenity.  Yet the plain language of the statute does not incorporate the first two prongs of the Miller test, nor does it otherwise require obscenity. See United States v. Handley, 564 F. Supp. 2d 996, 1005 (S.D. Iowa 2008) (Gritzner, J.) ("The language of subsection[] 1466A(a)(2) ... does not require the material be deemed obscene.").  This is significant, as other sub-parts of the statute do require obscenity, suggesting that the failure to fully incorporate the Miller test was intentional.  See, e.g., 18 U.S.C. § 1466A(a)(1) (requiring that the image "(A) depicts a minor engaging in sexually explicit conduct; and (B) is obscene"); 18 U.S.C. § 1466A(b)(1) (same).

Nor is the reach of § 1466A(a)(2) limited to depictions of actual children.  A subsection of the

statute states that, "It is not a required element of any offense under this section that the minor depicted actually exist." 18 U.S.C. § 1466A(c).

The court concludes that § 1466A(a)(2) criminalizes the production of images that neither satisfy the <u>Miller</u> test nor depict actual children and that it therefore may reach some protected speech. Nonetheless, Dean's argument must fail. The statute prohibits depictions of graphic bestiality, sadistic and masochistic abuse, or sexual intercourse involving minors that lack serious literary, artistic, scientific or political value. Dean and his attorney have not provided, and the court has been unable even to imagine, a single example of speech covered by the statute that would not also (a) appeal to the prurient interest and (b) be patently offensive. Thus Dean has failed to establish any <u>actual</u> overbreadth. Moreover, even if such examples exist, the fact that neither Dean, his competent counsel, nor the court can identify, or even imagine, a single one of them reflects

21

that any such examples are, at most, insubstantial.

In the absence of any evidence of overbreadth in the current record, the court respectfully declines Dean's invitation to adopt Handley's reasoning that "subsection[] 1466A(a)(2) ... [is] overbroad and thus invalid." 564 F. Supp. 2d at 1004-07. Moreover, because there is nothing on the face of the Handley opinion itself to indicate how substantial speech is burdened by the statute, this court cannot understand the basis for that court's conclusion.

Finally, the court rejects Dean's argument that the breadth of protected speech impacted by § 1466A(a)(2) is similar to that impacted by the statute struck down in Free Speech Coalition. Here, unlike in Free Speech Coalition, the statute excludes works that have literary, artistic, scientific or political value. This distinction is critical, because incorporating this element of the Miller test excludes a vast swath of speech from the statute's purview. In Free Speech

Coalition, the Supreme Court's holding was driven in part by the statute's incursion into the arts.  See, e.g., Free Speech Coalition, 535 U.S. at 246 ("The statute proscribes the visual depiction of an idea--that of teenagers engaging in sexual activity--that is a fact of modern society and has been a theme  in art and literature throughout the ages.").  Section 1466A(a)(2) safeguards against such a vast reach.

To be clear, the court does not hold that other litigants could not establish that the statute is unconstitutional as applied to them.  Rather, the court merely concludes that Dean's facial challenge must fail because the statute does not reach substantial protected speech.  Thus, the court concludes that, as with his double-jeopardy claim, Dean has waived his right to challenge his conviction on the basis of overbreadth.

***

Accordingly, it is ORDERED that defendant Jack Furman

Dean, Jr.'s motion for a new trial (doc. 41) is denied.

DONE, this the 23rd day of November, 2009.

         /s/ Myron H. Thompson
        UNITED STATES DISTRICT JUDGE